UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VERONICA VINCENT, | ) | |
| | ) | |
| Plaintiff, | ) | 13 C 6497 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| UNITED STATES OF AMERICA and JAMES B. ZAGEL, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Veronica Vincent filed this suit in state court against James B. Zagel, a district judge sitting on the U.S. District Court for the Northern District of Illinois. Doc. 1 at 4-35. Vincent alleges defamation, libel, negligence, and the violation of her rights under the Due Process Clause and the Thirteenth Amendment of the United States Constitution in connection with Zagel's dismissal of an earlier lawsuit of hers, *Vincent v. United States*, No. 12 C 4374 (N.D. Ill.). The present suit was removed to this court, and the United States was substituted as the federal defendant in place of Zagel as to the common law tort claims. Doc. 1; *see* 28 U.S.C. § 2679(d). The United States has moved to dismiss the complaint. Doc. 5. The motion is granted.

It would be possible to dismiss the common law tort claims due to Vincent's failure to exhaust her administrative remedies under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 2675(a); *Glade ex rel. Lundskow v. United States*, 692 F.3d 718, 723 (7th Cir. 2012). But contrary to the United States's submission, Doc. 5 at 2, FTCA exhaustion is not jurisdictional, and thus it may be "waived or forfeited, or otherwise forgiven." *Glade*, 692 F.3d

at 723. It is appropriate to overlook exhaustion in this case because Vincent's claims—both her common law claims, which are subject to the FTCA, and her constitutional claims, which are not, *see United States v. Smith*, 499 U.S. 160, 166-67 (1991)—are non-starters on the merits due to the doctrine of absolute judicial immunity. It would be pointless to require Vincent to exhaust claims that have no possible chance of success.

Judges are absolutely immune from damages claims for acts committed in the exercise of their judicial duties. *See Forrester v. White*, 484 U.S. 219, 227-28 (1988); *see also Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012). All of Zagel's alleged misdeeds concern judicial actions he took as the judge presiding over Vincent's earlier case. Vincent argues that Zagel acted maliciously and in excess of his authority, but "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-67 (1978) (internal quotation marks omitted); *see also Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1015 (7th Cir. 2000). It cannot possibly be said that Zagel acted "in the clear absence of all jurisdiction" in dismissing a case that he had been assigned to handle. Vincent also argues that judicial immunity does not apply to suits alleging constitutional violations, but that, too, is wrong. *See Lewis v. City of Waxahachie*, 503 F. App'x 249, 250 (5th Cir. 2012) ("Lewis alleges that Judge Calvert and Judge Metcalf violated her constitutional rights, but the doctrine of judicial immunity insulates judges from suit even in cases involving allegations of a constitutional violation.").

Because both the constitutional claims and common law claims fail as a matter of law, and because Vincent cannot cure the flaw in those claims by repleading, her suit is dismissed with prejudice. *See Richardson v. United States*, 516 F. App'x 2 (D.C. Cir. 2013); *Redmond v.*

*Manfredi*, 417 F. App'x 111, 112-13 (3d Cir. 2011); *Vincent v. United States*, No. 11-1381 (7th Cir. Mar. 15, 2011) (unpublished order) (affirming the dismissal of a prior suit by Vincent, reasoning that her "entire case is premised on the alleged wrongdoing of Judge Leinenweber, but he has judicial immunity") (citing *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005)).

September 19, 2013                                                          _____
                                                                            United States District Judge